# GT GreenbergTraurig

Sylvia E. Simson
Tel 212.801.9200
Sylvia.Simson@gtlaw.com

**MEMO ENDORSED**

October 8, 2025

**VIA ECF**

Hon. Jessica G. L. Clarke
United States District Court for the Southern District of New York
500 Pearl Street, Room 1040
New York, NY 10007

Re: *Bernstein v. JPMorgan Chase Bank, N.A. al.*, No. 1:24-cv-03552-JGLC—Joint Motion to Stay Discovery Deadlines Pending Resolution of Limited Motion for Reconsideration, or in the Alternative, For Certification as to an Interlocutory Appeal

Dear Judge Clarke:

We write on behalf of JPMorgan Chase Bank, N.A. ("Chase"), who we represent, and with the consent of all Plaintiffs and defendant Bank of America, N.A. ("BANA" and together with Chase, "Defendants"), to request that the discovery deadlines set forth in the Civil Case Management Plan and Scheduling Order (Doc. No. 48) (the "CMO") be stayed *sine die* until the Court decides Chase's Limited Motion for Reconsideration, or in the Alternative, For Certification as to an Interlocutory Appeal (*see* Doc. Nos. 39-40) (the "Reconsideration Motion").[1]

By way of background, on March 28, 2025, the Court granted in part Chase's and BANA's motions to dismiss the Complaint, and dismissed all causes of action except for one claim under New York General Business Law § 349. *See* Doc. No. 38. Chase timely filed the Reconsideration Motion on April 11, 2025, which has been fully briefed and pending a decision since June 6, 2025. *See* Doc. Nos. 39-40, 49-50. Since then, and in accordance with the CMO (as modified by the Court's orders on June 23, 2025 (*see* Doc. No. 52) and July 10, 2025 (*see* Doc. No. 54)), the parties have served first sets of document requests and interrogatories as well as responses and objections to those requests ("R&Os"). At this juncture, and given the discovery needs and potential discovery disputes that loom following the exchange of R&Os, the parties respectfully all join in the request to this Court to adjourn *sine die* the deadlines set forth in the CMO pending the Court's decision on the Reconsideration Motion.

The parties are in agreement that good cause exists for a stay here. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). Importantly, the Reconsideration Motion, if granted, would dispose of this action entirely as it would determine a legal question vis-à-vis the sole remaining claim that would apply with equal force to both Defendants. In this regard, a stay pending decision on the Reconsideration Motion is similar to a stay requested pending a Motion

---

[1] Defendant American Express National Bank and Plaintiffs have stipulated to stay this action as between them pending arbitration. *See* Doc. No. 23.

**Greenberg Traurig, LLP | Attorneys at Law**
One Vanderbilt Avenue | New York, New York 10017 | T +1 212.801.9200 | F +1 212.801.6400

www.gtlaw.com

October 8, 2025
Page 2

to Dismiss, as "proceeding with discovery while the [Reconsideration Motion is] pending would waste the parties' resources and would constitute an undue burden" on Plaintiffs and Defendants alike—and indeed, on the Court—should discovery disputes require adjudication by Your Honor. *Alapaha View Ltd. v. Prodigy Network, LLC*, 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021) (quotation omitted); *see also Johnson v. New York Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (granting stay because "defendant's motion to dismiss is potentially dispositive and does not appear to be unfounded in the law" and noting "[t]he discovery being sought by plaintiff . . . asks for information covering a span of more than five years" and holding a stay "may obviate the need for burdensome discovery"). Indeed, federal courts do stay discovery pending Motions for Reconsideration, too. *See, e.g., Freedom Mortg. Corp. v. Kent as Tr. of 6221 Red Pine Tr.*, 2021 WL 601605, at *2 (D. Nev. Feb. 16, 2021) ("the Court does find that the pending Motion for Partial Reconsideration . . . warrants another stay of discovery" and ordering the parties to "meet and confer and file a proposed discovery plan and scheduling order within 14 days" of an order on the motion for reconsideration).

Chase further notes that the requested stay would be short in duration and only until the Court's resolution of the Reconsideration Motion. Necessarily, a stay would not unfairly prejudice any party, and in fact the parties all agree that one makes good sense at this time. In addition, forcing discovery to proceed despite the pendency of the Reconsideration Motion, which Chase submits does not lack foundation, would waste the Court's and parties' resources. *See, e.g., Spencer Trask Software and Info. Serv's., LLC v. RPost Intern. Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (staying discovery because "proceeding with discovery while the motion to dismiss is pending would unnecessarily drain the parties' resources" and "the Court intends to decide the motion expeditiously and thus the stay will neither unnecessarily delay the action nor prejudice the [claimants] thereby").

We thank the Court for its attention to this matter and for its consideration of this joint request. The parties are all available should the Court have any questions with respect thereto.

Respectfully submitted,

*/s/ Sylvia E. Simson*

Sylvia E. Simson

CC (by ECF):  All counsel of record

Application GRANTED. The discovery deadlines set forth in the parties' Case Management Plan and Scheduling Order are adjourned sine die pending the Court's decision on the motion for reconsideration.

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

Dated: October 9, 2025
       New York, New York