**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RAPHAEL BERNSTEIN, JANE BERNSTEIN, JOHN BERNSTEIN, and DANIEL BERNSTEIN<br><br>Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A., AMERICAN EXPRESS NATIONAL BANK, and BANK OF AMERICA, N.A.,<br><br>Defendants. | Case No. 1:24-CV-03552-JGLC |

### CONFIDENTIALITY AND PROTECTIVE ORDER

WHEREAS, Plaintiffs, Defendant JPMorgan Chase Bank, N.A., and Defendant Bank of America, N.A. (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to protect nonpublic and competitively sensitive information that may be produced by either Plaintiffs or Defendants (each a "Party" and collectively "Parties"), their respective counsel or by any non-party in connection with discovery in this action (the "Litigation");

WHEREAS, the Parties, through counsel, having stipulated and agreed to the following terms; and

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing this action;

IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, any non-party in connection with this case, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

1

1.      With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in connection with this Litigation, including in depositions, document productions, or otherwise) that a person has designated as "Confidential" or "Highly Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential or Highly Confidential Discovery Material to anyone else except the categories of persons and under the conditions expressly permitted hereunder.

2.      "Producing Party" shall mean the Party or non-party producing or disclosing Discovery Material in connection with this Litigation, including depositions, document productions, or otherwise, or the Party or non-party asserting the confidentiality of such material.

3.      "Receiving Party" shall mean the Party or non-party receiving Discovery Material in connection with this Litigation, including in depositions, document productions or otherwise.

4.      The Producing Party may designate as Confidential that material that it reasonably and in good faith believes contains:

(a)      non-public, commercially sensitive, internal, and/or proprietary information relating to any Party, their affiliates, and/or their business;

(b)      previously non-public material relating to ownership or control of any company;

(c)      previously non-public business planning, product development, marketing, or other similar internal information;

(d)      any information of a personal or intimate nature regarding any individual within the meaning of the Gramm-Leah-Bliley Act (15 U.S.C. § 6801) or similar applicable federal, state, or local privacy protective laws and/or "consumer reports" within the meaning of the Fair Credit Reporting Act (15 U.S.C. § 1681a) (collectively, the "Acts"), including but not limited to personal identifying information, financial information, tax records, bank or credit card information or statements, medical records, and other personal or health-related records;

2

(e)      company business records maintained as non-public in the ordinary course;

(f)      any information, the disclosure of which would, in the good faith judgment of the Producing Party, may impact or effect the conduct of that Party's business or the business of any of the Party's customers or clients, as well as any information copied or extracted therefrom;

(g)      any testimony, conversations, or presentations by Parties or counsel to or in court or in other settings that might reveal Confidential information; or

(h)      any other category of information given confidential status by this Court after the date of this Order.

5.      The Producing Party may designate as Highly Confidential that material that the Producing Party reasonably and in good faith believes contains:

(a)      highly sensitive and/or proprietary information, the disclosure of which would result in competitive, commercial, and/or financial harm to the Producing Party or its employees, affiliates, clients, or customers; or

(b)      material that a Producing Party believes in good faith would not otherwise be adequately protected under the procedures set forth herein for Confidential Material.

If any Highly Confidential Discovery Material is produced by a nonparty to this litigation, pursuant to a subpoena or otherwise, such a nonparty shall be considered a Producing Party within the meaning of that term as it is used in the context of this Order and each of the Parties shall be treated as a Receiving Party.   Highly Confidential information that originated with a nonparty may be designated as such and shall be subject to the restrictions on disclosure specified herein.   This paragraph does not modify or revise the obligation of any Party receiving any document(s) from a third party, pursuant to a subpoena or otherwise, to produce copies (designated as Highly

3

Confidential or otherwise) to all parties to this litigation, subject to the confidentiality obligations set forth in this Order.

6.      Copies or excerpts of information contained within, or summaries, notes, memoranda, correspondence, or charts containing any information from, a document or thing designated as Confidential or Highly Confidential shall also be treated respectively as Confidential or Highly Confidential.

7.      Confidential or Highly Confidential Discovery Material shall not include information that at the time of the disclosure hereunder is available to the public, or after disclosure hereunder becomes available to the public.

8.      With respect to Confidential or Highly Confidential Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such Discovery Material as "Confidential" or "Highly Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" or "Highly Confidential" each page or portion of the protected material in a manner that will not interfere with legibility or audibility, except that in the case of multi-page documents bound together by staple or other permanent binding, the word "Confidential" or "Highly Confidential," as applicable, need only be stamped on the first page of the document in order for the entire document to be treated as "Confidential" or "Highly Confidential," respectively, if appropriate; or (b) in the case of electronically stored information produced in native format, by including "Confidential" or "Highly Confidential," as applicable, in the file or directory name, or by affixing the legend "Confidential" or "Highly Confidential," as applicable, to the media containing the Discovery Material, or by accompanying the production with a cover letter clearly stating how the Discovery Material is being designated hereunder.  Where only a portion of a document has been designated as Confidential or Highly Confidential, the Producing Party shall produce for future public use another copy of said Discovery Material with the

4

confidential information redacted.

9.    A Producing Party or its counsel may designate deposition exhibits or testimony within deposition transcripts as Confidential or Highly Confidential Discovery Material either by: (a) making a statement on the record during the deposition that marked exhibits, lines of questioning, or other  portions of the deposition should be designated as Confidential or Highly Confidential, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order" or "Highly Confidential Information Governed by Protective Order," or something akin to same, as appropriate, or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript as well as the deposition exhibits that are to be designated "Confidential" or "Highly Confidential" in which case all counsel receiving the transcript and its exhibits will be responsible for marking the copies in their possession or under their control as directed by the Producing Party or that person's counsel.   During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential as well as all of its exhibits.

10.    Inadvertent failure to designate Discovery Material as Confidential or Highly Confidential shall not constitute a waiver of such claim and can be corrected.   If at any time before the termination of this action a Producing Party realizes that it should have designated as Confidential or Highly Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by notifying all Parties in writing.   Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential or Highly Confidential.   In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" or "Highly Confidential" designation within ten business days of providing such

notice.  Upon receiving the Discovery Material with the correct "CONFIDENTIAL" designation, the Receiving Parties shall destroy all Discovery Material that was identified as incorrectly designated.  A Receiving Party shall not be in breach of this Stipulation Order for any use of such unintentionally non-designated or inadvertently mis-designated Discovery Material before the Receiving Party receives notice of the inadvertent failure to designate.

11.    Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.  Each Party reserves all rights as to arguments to be made at a later juncture in these proceedings.

12.    Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a)    the Parties to this action and their directors, officers, managers, employees, and/advisors, or any subsidiary or affiliate thereof, who are directly assisting with or making decisions concerning this litigation;

(b)    any insurer to any Party and counsel to such insurer, as may be applicable;

(c)    counsel who represent any Party in this action (including in-house counsel), including any paralegal, clerical, or other assistant that such counsel employs and assigns to this matter;

(d)    outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(e)    any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(f)    as to any document, its author, its addressee, and any other person indicated on

6

the face of the document as having obtained or received a copy (or in the case of meeting minutes, presentations, and other similar materials, an attendee or presenter at the meeting);

(g) any witness who may testify at deposition and/or trial in this action, or in preparation therefor, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(h) any person a Party has retained to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided this person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(i) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(j) this Court, including any appellate court, its support personnel, and court reporters.

13. Where a Producing Party has designated Discovery Material as Highly Confidential, other persons subject to this Order may disclose such information only to the following categories:

(a) outside counsel who represent any Party in this action, including any paralegal, clerical, or other assistant that such counsel employs and assigns to this matter;

(b) in-house counsel who are directly assisting with or making decisions concerning this litigation, including but not limited to the General Counsels affiliated with any Party and any paralegal, clerical, or other assistant that such counsel employs and assigns to this matter, provided that such in-house personnel first execute a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

7

(c)     outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter, provided such person or entity has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(d)     any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e)     fact witnesses in this action who are current or former directors, officers, or employees, or corporate designees of the Producing Party under Fed. R. Civ. P. 30(b)(6), but only at deposition or trial or in preparation therefor, and only where the Discovery Material designated as Highly Confidential relates to their service or employment for the Producing Party and so it is reasonable to believe that the witness may have knowledge related to the Discovery Material designated as Highly Confidential, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(f)     any person a Party has retained to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided this person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto, and if this person is ultimately designated as an expert pursuant to the expert disclosure deadlines set forth in the Scheduling Order in this case, is identified at that time as someone who received Discovery Material designated as Highly Confidential and executed the Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(g)     stenographers engaged to transcribe depositions the Parties conduct in this

8

action; and

(h)    this Court, including any appellate court, its support personnel, and court reporters.

14.    Before disclosing any Confidential Discovery Material or Highly Confidential Material to any person referred to in subparagraphs 12 (e), (g), and (h) or subparagraphs 13 (b) through (f) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms.  Said counsel must retain each signed Non- Disclosure Agreement, hold it in escrow, and produce it to opposing counsel upon request.

15.    This Order binds the Parties and non-parties to treat as Confidential or Highly Confidential any Discovery Materials so classified.  The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential hereunder.

16.    In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall seek to file redacted or sealed documents, following the procedures set forth in the Court's Individual Rule 5. Any Party that seeks to file Confidential Discovery Material under seal must file an application justifying the sealing of such documents.  The Producing Party shall have the burden of justifying that the materials must be submitted under seal.  Absent written permission from a Court Order denying a motion to seal, a Receiving Party may not file in the public record any Discovery Material designated hereunder.

9

17.     Any Party who objects to any designation of confidentiality (whether Confidential or Highly Confidential) must do so in good faith and may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection and must give the Producing Party an opportunity to review the designated material, reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in a joint letter setting forth their respective positions and in accordance with this Court's Individual Rules and Practices in Civil Cases, including Rule 4(k) thereof.  Counsel for the Party designating Discovery Material as Confidential or Highly Confidential shall bear the burden of proof as the appropriateness of any challenged designation, with the specific intent of encouraging good faith designations at the outset.

18.     Recipients of Confidential or Highly Confidential Discovery Material under this Order may use such material solely for the prosecution, defense, resolution, or settlement of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding; provided, however, that the foregoing shall not apply to Confidential or Highly Confidential Discovery Material that is later made part of the public record.

19.     This Order shall not be used, in any manner or form, direct or indirect, as evidence in any trial or any hearing, or referred to in any trial or any hearing, save and except a hearing that involves issues related to the enforcement or interpretation of any provision of this Order.

20.     Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

21. Nothing herein shall impose any restriction on the use or disclosure by a Party of documents, materials or information designated as Confidential or Highly Confidential hereunder that has been obtained lawfully by such party independently of the proceedings in this Litigation.

22. Nothing in this Stipulation and Order relieves the Parties from any obligation in existence prior to the entry of this Stipulation and Order to maintain the confidentiality of documents, information, and/or communications previously provided or to be provided to the Parties relating to this Litigation.

23. Should any Receiving Party receive a lawful subpoena or other compulsory process seeking the production of any Confidential or Highly Confidential Discovery Material in its possession, or if required to produce by law or by any government agency having jurisdiction, such Party must give written notice to the Producing Party that originally produced the Confidential or Highly Confidential Discovery Material, through counsel, within 3 business days of receipt of the demand, and if permitted by the time allowed under the request, at least 10 business days before any disclosure. The Party receiving the subpoena, demand, or request, and providing the requisite notice of receipt to the Producing Party, must promptly object to production on the grounds of the existence of this Order. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so. The Receiving Party agrees to coordinate with the Producing Party to protect Confidential or Highly Confidential Discovery Material to the fullest available extent.

24. A Producing Party's disclosure of information or documents that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the Bank Examiner Privilege or any other privilege, immunity, or prohibition on disclosure ("Privileged Information") shall not constitute a waiver or forfeiture – in this or any other federal or state action – with respect to such Privileged Information or of any claim of privilege, protection, immunity, or prohibition that

11

the Producing Party would otherwise be entitled to assert with respect to the Privileged Information and/or its subject matter, provided that the Producing Party promptly notifies the Receiving Party, in writing, of the production of such privileged or protected information after its discovery of the same.  The Producing Party must specifically and individually identify the Privileged Information which it unintentionally produced to the Receiving Party.  Upon written notification of the production of privileged materials (hereafter referred to as "Identified Materials") by the Producing Party, the Receiving Party shall return, destroy, or delete the Identified Materials as requested by the Producing Party.  If the Receiving Party has any notes or other work product reflecting the contents of the Identified Materials, the Receiving Party will not review or use those materials unless a court later designates the Identified Materials as not privileged or protected.

(a)     The Identified Materials shall be deleted from any systems used to house the documents, including document review databases, e-rooms and any other location that stores the documents.

(b)     The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made.

(c)     The Receiving Party may make no use of the Identified Materials during any aspect of this matter or any other matter, including in depositions or at trial, unless the documents are later designated by a court as not privileged or protected.

(d)     The Party returning the Identified Materials may move the Court for an order compelling production of some or all of the material returned or destroyed, but the basis for such a motion may not be the fact or circumstances of the production.

(e)     If any Receiving Party is in receipt of a document from a Producing Party which the Receiving Party has reason to believe is privileged, the Receiving Party shall in good faith take reasonable steps to promptly notify the Producing Party of the

production of that document so that the Producing Party may make a determination of whether it wishes to have the documents returned or destroyed pursuant to this Stipulation and Order.

If the Receiving Party challenges a notification of Identified Materials and/or claim of privilege, protection, or immunity asserted by the Producing Party, the Receiving Party must – within five business days of receipt of the notice of disclosure and designation of Identified Materials – move the Court for an Order compelling disclosure of the information claimed as unprotected (a "Disclosure Motion"). The Receiving Party must file a Motion to Seal the Disclosure Motion. The Disclosure Motion must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure.   Pending resolution of the Disclosure Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the Disclosure Motion.

25.    The Parties agree that a Receiving Party may use artificial intelligence software and services (together, an "AI Model") to aid in the processing, review, and analysis of Discovery Material in this litigation, provided however that any such AI Model must protect the confidentiality of the information as required by this Stipulation and Order.  The Parties expressly agree that no Receiving Party will submit any Discovery Material received pursuant to this Stipulation and Order to an AI Model that is open or available to the public, including ChatGPT and similar tools.  The Parties further expressly agree that no Receiving Party will submit any Discovery Material received pursuant to this Stipulation and Order to any proprietary or closed AI Model unless it first ensures that the AI tool will not learn from, be trained on, or otherwise incorporate the Discovery Material for any purpose other than the prosecution or defense of this litigation.  Before a Receiving Party submits Discovery Material received pursuant to this Stipulation and Order to an AI Model in compliance with this paragraph, the Receiving Party shall make certain that such Discovery Material

will not be accessible to unauthorized persons and that it can be deleted from the AI Model in accordance with this Stipulation and Order.

26. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. In the event that Confidential or Highly Confidential information is produced to an entity that is not bound by this Order, the Parties to this Stipulation and Order shall continue to treat such Discovery Material in accordance with its initial designation hereunder.

27. When any Receiving Party ships any Discovery Material to others designated in this Order as authorized to receive Discovery Material, the Receiving Party will encrypt any electronic data (if the Discovery Material is in that format) and supply the password in separate correspondence to the recipient. If the Discovery Material is in hard copy/paper form, the Receiving Party will ship the Discovery Material using secure packaging tape via Federal Express or UPS and retain a tracking number for the materials. If the Receiving Party learns at any time that Discovery Material may have been retrieved or viewed by unauthorized parties during shipment, it will immediately notify the Producing Party and take all reasonable measures to retrieve the improperly disclosed Discovery Material.

28. The Parties agree that a Receiving Party shall maintain Discovery Material in a reasonably secure and safe manner, including reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such information against unauthorized access and any other reasonably anticipated threats or hazards.

29. If a Receiving Party or authorized recipient engaged by a Receiving Party discovers the loss of any Discovery Material due to a breach of security, including any actual or suspected unauthorized access, relating to a Producing Party's documents or information designated as Confidential Information or Highly Confidential, the Receiving Party or authorized recipient shall:

14

(1) promptly provide written notice to the Producing Party of such breach; (2) investigate and make reasonable efforts to remediate the effects of the breach, and provide the Producing Party with assurances reasonably satisfactory to the Producing Party that such breach shall not recur; and (3) provide sufficient information about the breach that the Producing Party can reasonably ascertain the size and scope of the breach.  The Receiving Party or authorized recipient agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident.  Nothing herein shall constitute a waiver of legal rights and defenses regarding the protection of information from unauthorized disclosure.

30.    In the event that additional parties join or are joined in this Litigation, they shall not have access to Confidential or Highly Confidential documents or information designated hereunder until the newly joined party has agreed to be bound by the terms hereunder.

31.    Within 60 days of the final disposition of this action—including all appeals—all recipients of Confidential Discovery Material must either return it—including all copies thereof— to the Producing Party, or, upon permission of the Producing Party, destroy such material—including all copies thereof.  In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material.  Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material.  Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.  Nothing in this paragraph shall be construed to require a Receiving Party to destroy Discovery Materials designated as Confidential or Highly Confidential retained on back-up tapes or to require the Receiving Party to

15

take unreasonably expensive or burdensome measures to effectuate the destruction of Discovery Material.

32.    This Order will survive the termination of the Litigation and will continue to be binding upon all persons subject to this Order to whom Confidential Discovery Material is produced or disclosed.  That said, there shall be no restriction on Discovery Material that is used as exhibits in Court (unless such exhibits were filed under seal,  and a Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of this Order.

33.    This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: February 11, 2026

THE GALBRAITH LAW FIRM

By: ___/s/ ***Kevin Galbraith*** _____
    Kevin Galbraith

Two Waterline Square
400 West 61st St., Suite 1508
New York, NY 10023
t: 212.203.1249

*Counsel for Plaintiffs*

GREENBERG TRAURIG, LLP

By: ___/s/ ***Sylvia E. Simson*** _____
    Sylvia E. Simson

One Vanderbilt Avenue
New York, NY 10017
t: 212.801.9200

*Counsel for Defendant*
*JPMorgan Chase Bank, N.A.*

McGUIREWOODS LLP

By: ___/s/ ***Brian E. Pumphrey*** _____
    Brian E. Pumphrey

Gateway Plaza
800 E. Canal St.
Richmond, VA 23219
t: 804.775.7745

*Counsel for Defendant*
*Bank of America, N.A.*

SO ORDERED.

Dated:  February 12, 2026
White Plains, New York

_____
JESSICA G. L. CLARKE
United States District Judge

17

Exhibit A
to Stipulated Confidentiality
Agreement and Protective Order

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RAPHAEL BERNSTEIN, JANE BERNSTEIN, JOHN BERNSTEIN, and DANIEL BERNSTEIN<br><br>Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A., AMERICAN EXPRESS NATIONAL BANK, and BANK OF AMERICA, N.A.,<br><br>Defendants. | Case No. 1:24-CV-03552-JGLC |

I, _____ acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential.  I agree that I will not disclose such Confidential or Highly Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Eastern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____

Name:

Date:

18