**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RAPHAEL BERNSTEIN, JANE BERNSTEIN, JOHN BERNSTEIN, and DANIEL BERNSTEIN,<br><br>Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A., AMERICAN EXPRESS NATIONAL BANK, and BANK OF AMERICA, N.A.,<br><br>Defendants. | Case No. 1:24-CV-03552-JGLC-JW<br><br>**ORDER REGARDING RULE 35 MENTAL COMPETENCY EXAMINATION OF PLAINTIFF JANE BERNSTEIN** |

Further to the Court's order on the record at the July 17, 2026 discovery conference and the Court's subsequent written order at ECF No. 90 (the "July 17 Order"), **IT IS HEREBY ORDERED** that:

1. Plaintiff Jane Bernstein must submit to a mental competency examination pursuant to Fed. R. Civ. P. 35(a) pursuant to the conditions set forth below.

2. The Fed. R. Civ. P. 35(a) examination of Jane Bernstein will take place at her home (25 N Murray Ave., Ridgewood, New Jersey 07450) on August 25, 2026 at 10:00 a.m. EST (the "Examination").

3. The Examination will be conducted by independent examiner Dr. Cheryl Paradis, Psy.D., who has advised the parties that she is available to conduct the Examination on the above-referenced date and will consist of psychological evaluation in order to determine whether Jane Bernstein is competent to participate in this case and to testify under oath in any capacity whatsoever. This may include Mrs. Bernstein's memory and recall capabilities, including but not limited to her long-term memory and whether she is able to recall events from 2022 and 2023 (including the events described in the Complaint).

4. Plaintiffs' counsel has confirmed that Dr. Paradis has not previously served as one of Jane Bernstein's medical providers and would be evaluating her for the first time in connection with the Fed. R. Civ. P. 35(a) evaluation required by this order.

5. Jane Bernstein's medical records that have been produced and are designated as confidential pursuant to the Confidentiality and Protective Order dated February 12, 2026 (the "Confidentiality Order") (ECF No. 68) may be shared with Dr. Paradis solely for purposes of conducting the Examination, provided that Dr. Paradis first agrees to be bound by the terms of the Confidentiality Order. The Complaint and the Answers thereto may also be shared with Dr. Paradis in preparation for the Examination.

6. The only individuals permitted to be present during the Examination are: 1) Jane Bernstein; 2) Dr. Paradis; and 3) a home health aide already working in the home to aid Jane Bernstein as may be necessary or appropriate (the "Aide"). No other individuals will be present during the examination, including any family member, other party (including any other named Plaintiff), and/or counsel or representative of any other party.

7. The Aide present during the Examination may not offer any information to Mrs. Bernstein or Dr. Paradis, prompt Mrs. Bernstein, or interfere in any way with the Examination.

8. Dr. Paradis may only question Mrs. Bernstein about the claims, defenses, or allegations relating to the above-captioned action if necessary to conduct the Examination.

9. Dr. Paradis will independently prepare and then produce her complete Examination report (the "Examination Report") and notes (if any) as soon as reasonably practicable and no later than thirty (30) days after the Examination has been conducted. This production shall be made to counsel for Plaintiffs (Kevin Gailbraith), JPMorgan Chase Bank, N.A. (Sylvia Simson), and Bank of America, N.A. (Brian Pumphrey) by email.

10. Counsel for Defendants shall be responsible for providing a copy of the Examination Report to the Court. Counsel for Defendants shall file the Examination Report with the Court under seal, or redacted in accordance with the Court's privacy rules, to protect Plaintiffs' private health information.

11. All records, observations, and research that Dr. Paradis relies on to form her opinions and conclusions as to Jane Bernstein's competency shall be listed in the Examination Report.

12. If at any point during the Examination Mrs. Bernstein experiences severe physical or emotional distress, or if the Aide determines a break is medically necessary, the Examination shall be paused in order to see if a break will suffice. If Dr. Paradis confirms Mrs. Bernstein cannot proceed with the Examination after such an event, it will be adjourned to be completed on another day as soon as reasonably practicable and so that Dr. Paradis can complete her Examination Report. Defendants shall promptly notify the Court if such an event occurs and the agreed-upon new Examination date.

13. The Examination shall not exceed four (4) hours of active evaluation of Jane Bernstein per day, inclusive of any standard breaks required for Jane Bernstein during the Examination. If Dr. Paradis requires additional time to complete the Examination, a second day of Examination shall be scheduled as soon as possible and at the earliest availability of Dr. Paradis and Jane Bernstein. Should a second day of Examination be needed, Defendants shall promptly notify the Court and the agreed-upon second Examination date.

14. All parties reserve their rights as to any opinion made following the Examination.

Dated: August 12, 2026

Jennifer E. Willis

Hon. Jennifer E. Willis
United States Magistrate Judge