**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
RAPHAEL BERNSTEIN *et al.*,

Plaintiff,

-against-

JPMORGAN CHASE BANK, N.A. *et al*,

Defendant.
-----------------------------------------------------------------X

**ORDER ON FURTHER BRIEFING AND MOTION TO SEAL**

**24-CV-3552 (JGLC) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

On October 13, 2026, the Court ordered Parties to suggest next steps following the examinations of Raphael and Jane Bernstein (the "Bernsteins"). Dkt. No. 105. Parties filed their proposal on October 21, 2026. Dkt. No. 106. On that same date, counsel for Plaintiffs also filed a motion to appoint current Plaintiffs John Bernstein and Daniel Bernstein as guardians ad litem ("GAL" or "GALs") for the Bernsteins, a proposed stipulation and order, and related papers. Dkt. Nos. 107-110.[1]

The Court has reviewed these submissions and requests and finds that the proposed order and related briefing are deficient and warrant further briefing.

The Parties' proposal contains two requests to the Court. One is for a ***determination*** of incompetence as to Raphael and Jane Bernstein for purposes of this litigation. Dkt. No. 107 at 2, 3-4. The second is for ***relief*** by appointing John and Daniel Bernstein as GALs to represent the Bernsteins in this litigation. Dkt. No. 107 at 2-3. As Plaintiff points out, these requests implicate a mix of federal and state

[1] The Court understands Dkt. No. 110 to be the operative motion and accompanying exhibits. The ECF entry reads: " It appears that the filing at Dkt. No. 110 is intended to include exhibits that were originally omitted in the filing at Dkt. No. 109.

substantive and procedural law. Dkt. No. 110 at 5-6. The Court will rule on the stipulation and proposed order in due course, but in doing so, it has a duty to ensure that the Bernsteins' rights are sufficiently safeguarded. To that end, elaboration on the laws and standards governing the proposed measures is needed.

Procedural Safeguards for Substantive Competency Determination

It is unclear what procedural safeguards Parties contend are needed before a threshold substantive competency determination is made. The Court cannot discern from the briefing whether federal law, New Jersey statutes (e.g., N.J.R. 4:26-2(a), 4:26-2(b), 4:86-1 through 8), or both govern this inquiry. Put differently, it is unclear where the substantive inquiry ends and the procedural inquiry begins, particularly because Parties request both substantive and procedural relief.

The supplemental briefing should specifically address what, if any, notice to the Bernsteins is due, and whether such notice was given or attempted. The briefing should also discuss whether a competency hearing is required.

Substantive Inquiry into Competency

The briefing does not articulate the substantive capacity analysis and showing required for incompetence, nor does it touch on how this may differ based on whether the requested guardianship is general or limited. Instead, the motion only gestures at New Jersey law "control[ling] the baseline inquiry into whether the [Bernsteins] are incapacitated." Dkt. No. 110 at 6. But it is unclear to the Court what that baseline inquiry is, let alone whether the facts of this case meet that standard.

Proper Role of GALs in this Case

The Court understands that, under New Jersey law, the scope of a GAL's responsibility differs based on whether incapacitation is adjudicated or only alleged. N.J.R. 4:26-2(b) and N.J.R. 4:26-2(c). The briefing should address if and how this distinction is relevant to the relief requested by Parties.

Imprecise Citations

Separate from the substantive gaps in Plaintiff's motion, the Court noted at least two instances where it appears the quoted language is not accurately copied from the cited source and the case's holding is overstated or improperly summarized. These are:

- "The Court's duty of inquiry under Rule 17(c)(2) is activated once it is presented with "evidence from a mental health professional demonstrating that the party has a history of mental illness" or severe cognitive breakdown. *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003). Plaintiffs have conclusively satisfied this clinical evidence requirement." Dkt. No. 110 at 5.
- "Under New Jersey law, a person requires a representative if they lack "the cognitive capacity to understand the nature and effect of the litigation or to assist counsel in its prosecution." S.T. v. 1515 Broad St., LLC, 241 N.J. 257, 271 (2020) (holding that under New Jersey law, a guardian ad litem may be appointed for a litigant alleged to be mentally incapacitated to protect their interests during the litigation pendency)." Dkt. No. 110 at 5.

The Court reminds counsel of their obligation to ensure quotations and representations about a case's holding are accurate.

## CONCLUSION

The Court thus orders the following:

1. By **November 20, 2026**, Parties must submit supplemental briefing to clarify the issues articulated in this order. The Court leaves it to the Parties to decide whether they both would like to weigh in on these topics, or whether Plaintiffs alone will make this submission.
2. Plaintiff's request at Dkt. No. 108 to seal the motion to appoint GALs is **GRANTED.** In accordance with its previous order at Dkt. No. 96, the Court finds that the privacy interests in Plaintiffs' personal medical records and psychiatric information outweigh the public right of access. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006).

The Clerk of Court is respectfully directed to close Dkt. No. 108 and Dkt. No. 109.

SO ORDERED.

DATED: New York, New York
November 9, 2026

Jennifer E. Willis

JENNIFER E. WILLIS
United States Magistrate Judge